## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ROBIN HOOD**

        **Plaintiff,**                        **Case No. 3:15-cv-01399-HLA-MCR**

**v.**                                       **ANSWER TO COMPLAINT**

**DISH NETWORK L.L.C.,** *et al.,*         **(Jury Demand Endorsed Hereon)**

        **Defendants.**

_____

Defendant DISH Network L.L.C. ("DISH") answers Plaintiff's Complaint (the "Complaint") as follows:

### INTRODUCTION AND PRELIMINARY STATEMENT

The allegations contained in the "Introduction and Preliminary Statement" of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in the "Introduction and Preliminary Statement" of the Complaint, DISH denies those allegations.

### JURISDICTION AND VENUE

1.      In response to the allegations contained in Paragraph 1 of the Complaint, DISH admits that subject matter jurisdiction exists in this Court with respect to Plaintiff's allegations against DISH under 47 U.S.C. § 227(b)(1)(A), a federal law. DISH further admits that supplemental jurisdiction exists in this Court with respect to Plaintiff's allegations under the Florida Consumer Collection Practices Act, Chapter 559. DISH denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     In response to the allegations contained in Paragraph 2 of the Complaint, DISH admits that venue is proper in this district and that DISH transacts business in this district.  DISH denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     In response to the allegations contained in Paragraph 3 of the Complaint, DISH denies that it engaged in any actionable conduct.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, on that basis, denies those allegations.

4.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.     DISH admits the allegations contained in Paragraph 5 of the Complaint.

6.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, on that basis, denies those allegations.

## <u>GENERAL ALLEGATIONS</u>

7.     The allegations contained in Paragraph 7 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 7 of the Complaint, DISH denies those allegations.

8.     The allegation contained in Paragraph 8 of the Complaint that RPM is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7) states a legal conclusion, characterization, or argument to which no response is

required.  Further, DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation.  On those bases, DISH denies the allegation.

9.      The allegation contained in Paragraph 9 of the Complaint that Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3) states a legal conclusion, characterization, or argument to which no response is required.  Further, DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation.  On those bases, DISH denies the allegation.

10.     DISH denies the allegation contained in Paragraph 10 of the Complaint.

11.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.     DISH denies the allegation contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 13 of the Complaint, DISH denies those allegations.

14.     The allegations contained in Paragraph 14 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 14 of the Complaint, DISH denies those allegations.

15.     DISH denies the allegation contained in Paragraph 15 of the Complaint.

16.     DISH denies the allegation contained in Paragraph 16 of the Complaint.

## **FACTUAL ALLEGATIONS**

17.     DISH denies the allegation contained in Paragraph 17 of the Complaint.

18.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

19.     DISH denies the allegation contained in Paragraph 19 of the Complaint.

20.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, on that basis, denies those allegations.

21.     The allegations contained in Paragraph 21 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 21 of the Complaint, DISH denies those allegations.

22.     DISH denies the allegation contained in Paragraph 22 of the Complaint.

23.     DISH denies the allegation contained in Paragraph 23 of the Complaint.

24.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies those allegations.

27.     In response to the allegations contained in Paragraph 27 of the Complaint, DISH denies the allegation that "DISH acquired actual notice" of any fact relating to Plaintiff.  Further, DISH denies that "DISH intended to call" any person relating to this Lawsuit, that did call any person relating to this Lawsuit, and that "DISH left the aforementioned voicemail."  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and, on that basis, denies those allegations.

28.     DISH denies the allegation contained in Paragraph 28 of the Complaint.

29.     DISH denies the allegation contained in Paragraph 29 of the Complaint.

30.     DISH denies the allegation contained in Paragraph 30 of the Complaint.

31.     DISH denies the allegation contained in Paragraph 31 of the Complaint.

32.     DISH denies the allegation contained in Paragraph 32 of the Complaint.

33.     DISH denies the allegation contained in Paragraph 33 of the Complaint.

34.     DISH denies the allegation contained in Paragraph 34 of the Complaint.

35.     DISH denies the allegation contained in Paragraph 35 of the Complaint.

36.     DISH denies the allegation contained in Paragraph 36 of the Complaint.

37.     DISH denies the allegation contained in Paragraph 37 of the Complaint.

38.     DISH denies the allegation contained in Paragraph 38 of the Complaint.

39.     DISH denies the allegation contained in Paragraph 39 of the Complaint.

40.     DISH denies the allegation contained in Paragraph 40 of the Complaint.

41.     DISH denies the allegation contained in Paragraph 41 of the Complaint.

42.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, on that basis, denies those allegations.

43.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, on that basis, denies those allegations.

44.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, on that basis, denies those allegations.

45.     DISH denies the allegation contained in Paragraph 45 of the Complaint.

46.     DISH denies the allegation contained in Paragraph 46 of the Complaint.

47.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, on that basis, denies those allegations.

48.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, on that basis, denies those allegations.

49.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, on that basis, denies those allegations.

50.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, on that basis, denies those allegations.

51.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, on that basis, denies those allegations.

52.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and, on that basis, denies those allegations.

53.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, on that basis, denies those allegations.

54.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, on that basis, denies those allegations.

55.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, on that basis, denies those allegations.

56.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, on that basis, denies those allegations.

57.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, on that basis, denies those allegations.

58.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, on that basis, denies those allegations.

59.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies those allegations.

60.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, on that basis, denies those allegations.

61.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, on that basis, denies those allegations.

62.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, on that basis, denies those allegations.

63.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, on that basis, denies those allegations.

64.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, on that basis, denies those allegations.

65.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, on that basis, denies those allegations.

66.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, on that basis, denies those allegations.

67.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and, on that basis, denies those allegations.

68.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, on that basis, denies those allegations.

69.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and, on that basis, denies those allegations.

70.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and, on that basis, denies those allegations.

71.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, on that basis, denies those allegations.

72.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and, on that basis, denies those allegations.

73.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and, on that basis, denies those allegations.

74.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and, on that basis, denies those allegations.

75.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, on that basis, denies those allegations.

77.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and, on that basis, denies those allegations.

78.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, on that basis, denies those allegations.

79.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, on that basis, denies those allegations.

80.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, on that basis, denies those allegations.

81.     DISH denies the allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 82 of the Complaint, DISH denies those allegations.

83.     The allegations contained in Paragraph 83 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 83 of the Complaint, DISH denies those allegations.

84.     The allegations contained in Paragraph 84 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 84 of the Complaint, DISH denies those allegations.

85.     The allegations contained in Paragraph 85 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 85 of the Complaint, DISH denies those allegations.

86.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and, on that basis, denies those allegations.

**COUNT ONE:**
**(Violation of Florida Statutes, Section 559.72(7))**

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-86 of the Complaint.

87.     DISH denies the allegations contained in Paragraph 87 of the Complaint.

88.     DISH denies the allegations contained in Paragraph 88 of the Complaint.

89.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and, on that basis, denies those allegations.

90.     DISH denies the allegations contained in Paragraph 90 of the Complaint.

91.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and, on that basis, denies those allegations.

92.     DISH denies the allegations contained in Paragraph 92 of the Complaint.

93.     DISH denies the allegations contained in Paragraph 93 of the Complaint.

## COUNT TWO:
### (Violation of Florida Statutes, Section 559.72(9))

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 94 of the Complaint, DISH denies those allegations.

95.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and, on that basis, denies those allegations.

96.     DISH denies the allegations contained in Paragraph 96 of the Complaint.

97.     DISH denies the allegations contained in Paragraph 97 of the Complaint.

98.     DISH denies the allegations contained in Paragraph 98 of the Complaint.

99.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and, on that basis, denies those allegations.

100.    DISH denies the allegations contained in Paragraph 100 of the Complaint.

101.    DISH denies the allegations contained in Paragraph 101 of the Complaint.

102.    DISH denies the allegations contained in Paragraph 102 of the Complaint.

## COUNT THREE:
### (Violation of 15 United States Code, Section 1692d)

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-102 of the Complaint.

103.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and, on that basis, denies those allegations.

104.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and, on that basis, denies those allegations.

105.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and, on that basis, denies those allegations.

106.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and, on that basis, denies those allegations.

107.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and, on that basis, denies those allegations.

108.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and, on that basis, denies those allegations.

## COUNT FOUR:
### (Violation of 15 United States Code, Sections 1692e, e(2)(A), and e(10))

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-108 of the Complaint.

109.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and, on that basis, denies those allegations.

110.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and, on that basis, denies those allegations.

111.     DISH denies the allegations contained in Paragraph 111 of the Complaint.

112.     DISH denies the allegations contained in Paragraph 112 of the Complaint.

113.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and, on that basis, denies those allegations.

114.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and, on that basis, denies those allegations.

115.     DISH denies the allegations contained in Paragraph 115 of the Complaint.

## COUNT FIVE:
### (Violation of 15 United States Code, Sections 1692f and f(1))

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-115 of the Complaint.

116.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and, on that basis, denies those allegations.

117.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and, on that basis, denies those allegations.

118.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint and, on that basis, denies those allegations.

119.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and, on that basis, denies those allegations.

120.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and, on that basis, denies those allegations.

121.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and, on that basis, denies those allegations.

## <u>COUNT SIX:</u>
### (Violation of 47 United States Code, Section 227(b)(1)(A))

DISH incorporates and adopts by reference DISH's responses to the allegations set forth in Paragraphs 1-121 of the Complaint.

122.    DISH denies the allegations contained in Paragraph 122 of the Complaint.

123.    DISH denies the allegations contained in Paragraph 123 of the Complaint.

124.    DISH denies the allegations contained in Paragraph 124 of the Complaint.

125.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and, on that basis, denies those allegations.

126.    The allegations contained in Paragraph 126 of the Complaint state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 126 of the Complaint, DISH denies those allegations.

127.    DISH denies the allegations contained in Paragraph 127 of the Complaint.

128.    DISH denies the allegations contained in Paragraph 128 of the Complaint.

129.    DISH denies the allegations contained in Paragraph 129 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because the damages or injuries to Plaintiff, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which DISH had and has no control, and/or by the acts or omissions of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the extent that Plaintiff failed to mitigate Plaintiff's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred in whole or in part to the extent that Plaintiff seeks damages that would constitute a duplicative recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the extent that Plaintiff did not personally answer any particular alleged telephone call.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the extent that any telephone calls that are alleged to have violated the TCPA are exempt from liability under that Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that prior express consent, invitation, or permission was given to take any acts alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of reasonable opportunity to cure.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead Plaintiff's claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

DISH has not willfully, knowingly, or intentionally violated any statute, and, thus, Plaintiff is not entitled to treble or otherwise enhanced damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff was not the subscriber to the telephone number at issue during the relevant time period.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed for failure to name an indispensable party.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable under the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are unrecoverable to the extent that a prerecorded voice was not used on any particular call.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINETEENTH AFFIRMATIVE DEFENSE

Attorney's fees are not awardable under the TCPA.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual damages for the alleged FCCPA violation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

DISH gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this action, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant DISH Network L.L.C. denies that Plaintiff is entitled to any relief whatsoever, and respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in favor of DISH, that the Court award DISH its attorney's fees and costs incurred in defending this action, and award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant DISH Network L.L.C. hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

December 28, 2015                         Respectfully submitted,

                                          */s/ Eric Larson Zalud*
                                          ERIC LARSON ZALUD (*Pro Hac Vice*)
                                          LAURA E. KOGAN (*Pro Hac Vice*)
                                          BENESCH FRIEDLANDER COPLAN
                                           & ARONOFF LLP
                                          200 Public Square, Suite 200
                                          Cleveland, OH 44114
                                          216-363-4500 Telephone; 216-363-4588 Facsimile
                                          E-mail: ezalud@beneschlaw.com
                                          E-mail: lkogan@beneschlaw.com

20

BENJAMEN E. KERN (*Pro Hac Vice*)
BENESCH FRIEDLANDER COPLAN
  & ARONOFF LLP
41 South High Street, Suite 2600
Columbus, Ohio  43215
614-223-9300 Telephone; 614-223-
9330 Facsimile
E-mail:  bkern@beneschlaw.com

William Byrne (FBN 0164224)
william.byrne@hklaw.com
Joshua H. Roberts (FBN 042029)
joshua.roberts@hklaw.com
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: 904-353-2000
Trial Counsel

*Attorneys for Defendant DISH Network
L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December 2015 the foregoing ANSWER TO COMPLAINT was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

*/s/ Eric Larson Zalud*
Eric Larson Zalud

*Attorney for Defendant DISH Network L.L.C.*

8885415 v2